**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE COMMONWEALTH OF MASSACHUSETTS, | )<br>)<br>)<br>) Civil Action No.: 13-40066-TSH |
| Plaintiffs, | ) |
| *ex rel.* MICHAEL A. WILLETTE, Relator<br>v. | )<br>)<br>) |
| UNIVERSITY OF MASSACHUSETTS, WORCESTER A/K/A UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL, THE ESTATE OF LEO VILLANI, AND JOHN DOES, *et al.* | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| _____ | ) |

**MOTION FOR CERTIFICATION OF JUDGMENT AS**
**FINAL AND APPEALABLE PURSUANT TO FED.R.CIV.P. 54(b)**

Relator Michael Willette ("Relator") respectfully requests that the Court enter final judgment with respect to those claims against Defendant University of Massachusetts, Worcester a/k/a University of Massachusetts Medical School which are fully and completely resolved by the Court's granting of dismissal motion in its Order dated January 21, 2015.

Pursuant to Local Rule 7.1(a)(2), counsel for Relator communicated with counsel for the Defendants inquiring whether Defendants would consent to Relator's Motion.

Defendant Medical School does not agree to immediate certification.   However, Defendant Estate of Leo Villani will not oppose immediate certification.

                                              Respectfully submitted,

                                              **ROSS FELLER CASEY, LLP**

                                              /s/ Brian J. McCormick, Jr.
                                              Brian J. McCormick, Jr., Esq. (*pro hac vice*)
                                              One Liberty Place

1650 Market Street, Suite 3450
Philadelphia, PA 19103
Tel.: (215) 574-2000
bmccormick@rossfellercasey.com

**COHEN LAW SERVICES, LLC**

/s/ Allyson H. Cohen
Allyson H. Cohen, Esq. (BBO# 677526)
8 Lyman Street, Suite 200
People's United Bank Building
Westborough, MA 01581
Tel.: (508) 366 8805
Fax: (508)366-8803
acohen@cohenlawservices.com

Attorneys for Relator

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA and THE COMMONWEALTH OF MASSACHUSETTS, <br><br>    Plaintiffs, <br><br>*ex rel.* MICHAEL A. WILLETTE, Relator <br>            v. <br><br>UNIVERSITY OF MASSACHUSETTS, WORCESTER A/K/A UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL, THE ESTATE OF LEO VILLANI, AND JOHN DOES, *et al.* <br><br>    Defendants. | ) <br> ) <br> ) <br> ) Civil Action No.: 13-40066-TSH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF RELATOR'S
MOTION FOR CERTIFICATION OF JUDGMENT AS
<u>FINAL AND APPEALABLE PURSUANT TO FED.R.CIV.P. 54(b)</u>**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Relator Michael Willette ("Relator") respectfully submits this Memorandum of Law in support of his Motion for a final judgment against Defendant University of Massachusetts, Worcester a/k/a University of Massachusetts Medical School ("Medical School"), prior to any judgment against the remaining Defendant, Estate of Leo Villani.

<u>**INTRODUCTION**</u>

Under Rule 54(b), the Court "may direct the entry of final judgment as to one or more but fewer than all of the claims…only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." A judgment against Defendant Medical School meets this requirement for the reasons explained below.

3

Nothing that will transpire later in this proceeding against Defendant Estate of Leo Villani will be relevant to whether Defendant Medical School is an "arm of the state."  The allegations against the Estate of Leo Villani are entirely distinct from the legal issues that permitted the Court to grant dismissal to Defendant Medical School.

Relator submits there is no just reason for delay until all claims against all of the Defendants are addressed, and respectfully requests that the Court direct the entry of judgment based on the Court's January 21, 2015 Order granting Defendant Medical School's Motion To Dismiss for all claims against that defendant.

## FACTUAL AND LEGAL BACKGROUND

### A. Procedural Background

#### 1. Events Related to Defendant Medical School

Relator presented the United States Government with various allegations relating to Defendants' fraud on or about June 5, 2013.[1]  After spending almost a year investigating the case, the United States, on or about April 23, 2014, declined to intervene in the instant False Claims Act ("FCA") case. [ECF Docket No. 27].   Thereafter, on April 29, 2014, the Court ordered that certain documents previously held under seal pursuant to 31 U.S.C. § 3730 were to be unsealed. [ECF Docket No. 29].   Accordingly, Relator's Second Amended Complaint, alleging the violations of various provisions under the FCA as well as separate state-law claims, became the complaint of record. [ECF Docket No. 15].   Relator's Second Amended Complaint was served on both Defendants - University of Massachusetts, Worcester a/k/a University of Massachusetts Medical School ("Medical School") and Estate of Leo Villani – in late May 2014.

On August 13, 2014, Defendant Medical School filed its Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), 12(b)(1), 9(b), and 8(c). [ECF Docket Nos. 39-40]. Medical

---

[1]  Relator filed a First Amended Complaint on or about July 8, 2013.

School argued, *inter alia*, that Relator's Second Amended Complaint should be dismissed in its entirety because: Defendant was not a "person" and, thus, not subject to liability under the FCA; Relator did not meet the requisite pleading standards for the claims alleged; and Relator's claims were barred by Eleventh Amendment sovereign immunity. [ECF Docket No. 40, at 3-20]. Relator filed his Response, as well as a Cross-Motion for Leave to File a Third Amended Complaint on October 15, 2014. [ECF Docket No. 47].

After oral argument, the Court granted Defendant Medical School's Motion, and simultaneously denied Relator's Motion, on January 21, 2015 (the "Dismissal Order"). [ECF Docket No. 55].

### 2. Events Related To Defendant Estate of Villani

The Estate of Villani filed and served an Answer to Relator's Second Amended Complaint on July 14, 2014. [ECF Docket No. 38].

As described by counsel for Defendant Estate on a telephone conference with the Court on March 18, 2015, the Estate of Leo Villani is in flux and may be insolvent. [ECF Docket No. 61]. The Estate is in the midst of replacing its Personal Representative,[2] and switching counsel. There is no foreseeable end or resolution of this case with the Defendant Estate.

### B. Legal Argument

When an action involves multiple parties, Federal Rule of Civil Procedure 54(b) permits a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[3]

---

[2] Julie Villani, the wife of the deceased, Leo Villani, formerly served as the Personal Representative of the Estate pursuant to Worcester Probate and Family Court, Docket Number 13PO588EA.

[3] "A judgment that eliminates fewer than all the . . . parties is not a final, appealable judgment; thus an order dismissing one plaintiff, but not others, is not immediately appealable by the dismissed plaintiff." *Citizens Concerned About Our Children v. Sch. Bd. Of Broward County, Fla.*, 193 F.3d 1285, 1289 (11th Cir. 1999) (interpreting Rule 54(b)). There is, however, a vehicle under

Generally, this rule is invoked by the litigant against whom a motion is decided so that litigant can immediately pursue an appeal of the unfavorable decision. *See, e.g.*, *Shamley v. ITT Corp.*, 869 F.2d 167. 170 (2d Cir. 1989) ("The ordinary purpose of Rule 54(b) is to permit the party aggrieved by a partial determination to appeal immediately."). Here, the entry of judgment is requested by Relator.

Although the entry of judgment under Rule 54(b) "should not be indulged in as a matter of routine or as a magnanimous accommodation to lawyers or litigants," it should be applied when the Court has determined that the ruling in question is final and there is no reason for delay. *See Comite Pro Rescate de la Salud v. Puerto Rico Aqueduct and Sewer Authority*, 888 F.2d 180 (1st Cir. 1989).

The Dismissal Order in this case is undoubtedly final, as it disposes of every substantive claim against Defendant Medical School. The question, then, is whether there is just reason for delay. When making this determination, the court acts as a "dispatcher," deciding which final decision should be appealable immediately, keeping in mind the policy against fragmentation of litigation. *See, e.g., Feinstein v. Resolution Trust Corp.*, 942 F.2d 34 (1st Cir. 1991).

This case presents a compelling reason for judgment under Rule 54(b) should be entered – the aggrieved party is seeking an immediate appeal.   There is no just reason for delay, and Relator's motion for entry of judgement under Rule 54(b) should be granted. The Dismissal Order is a final judgment on all of the Relator's claims against a single defendant; therefore, the Dismissal Order satisfies the "finality" requirement for Rule 54(b) certification.

Accordingly, Relator respectfully requests that, pursuant to Rule 54(b), the Court certify its Dismissal Order for immediate appeal by finding: that Relator's suit against Defendant Medical

---

which a dismissed party may obtain a judgment that is immediately appealable. That vehicle is through a Federal Rule of Civil Procedure 54(b) certification.

School could be treated as a separate action from his case against the Estate of Villani because a final determination of Relator's suit against Estate would not affect his claims against Defendant Medical School and there is no just reason to delay a final determination of these claims. *See Cygnar v. City of Chicago*, 659 F. Supp. 320, 324 (N.D. Ill. 1987), *aff'd in part and rev. in part, on other grounds*, 865 F.2d 827 (7th Cir. 1989).[4]

WHEREFORE, Relator Michael Willette respectfully requests that the Court certify the Dismissal Order for immediate appeal.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Relator respectfully requests oral argument on this Motion.

Respectfully submitted,

**ROSS FELLER CASEY, LLP**

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr., Esq. (*pro hac vice*)
One Liberty Place
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Tel.: (215) 574-2000
bmccormick@rossfellercasey.com

**COHEN LAW SERVICES, LLC**

/s/ Allyson H. Cohen
Allyson H. Cohen, Esq. (BBO# 677526)
8 Lyman Street, Suite 200
People's United Bank Building
Westborough, MA 01581
Tel.: (508) 366 8805
Fax: (508)366-8803
acohen@cohenlawservices.com

Attorneys for Relator-Plaintiff

---

[4] Under Federal Rule 54(b), there must be, "an express determination that there is no just reason for delay," and, "an express direction for the entry of judgment," for a ruling to sufficiently meet the criteria of finality.

## LOCAL RULE 7.1(a)(2) CERTIFICATE

Pursuant to Local Rule 7.1(a)(2), I certify that, on April 9, 2015, I exchanged electronic mails with Daniel Meron, Esq., in his role as counsel for Defendant Medical School and Deborah Dodge, Esq., counsel for Defendant Estate of Leo Villani, inquiring whether Defendants would consent to Relator's Motion for Certification of Judgment as Final and Appealable Pursuant to Fed.R.Civ.P. 54(b).

Attorney Meron responded Defendant Medical School would not agree to immediate certification.

Attorney Dodge responded Defendant Estate of Leo Villani would not oppose immediate certification.

/s/ Brian J. McCormick, Jr.
BRIAN J. MCCORMICK, JR.

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of Relator's Motion for Certification of Judgment as Final and Appealable Pursuant to Fed.R.Civ.P. 54(b) was served upon the attorney of record for all counsel of record by electronic filing on this 10th day of April 2015.

                                              /s/ Allyson H. Cohen
                                              ALLYSON H. COHEN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA and THE COMMONWEALTH OF MASSACHUSETTS, <br><br>　Plaintiffs, <br><br>*ex rel.* MICHAEL A. WILLETTE, Relator <br>　　　　v. <br><br>UNIVERSITY OF MASSACHUSETTS, WORCESTER A/K/A UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL, THE ESTATE OF LEO VILLANI, AND JOHN DOES, *et al.* <br><br>　Defendants. | ) <br>) <br>) <br>) Civil Action No.: 13-40066-TSH <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

## **ORDER**

　　AND NOW, this _____ day of April, 2015, having considered Relator's Motion for Certification of Judgment as Final and Appealable Pursuant to Fed.R.Civ.P. 54(b), and any Response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED.

　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　_____
　　　　　　　　　　　　TIMOTHY S. HILLMAN
　　　　　　　　　　　　DISTRICT JUDGE

10